GREMILLION, J.,
concurs in part and dissents in part and assigns written reasons.
hi agree with my colleagues that the primary issue is whether Mr. Bracey injured his right hip as a result of the unwit-nessed May 22, 2009 accident wherein he allegedly stepped in a hole. In my view, the weight of the evidence suggests that he did not.
I find that the weight of the evidence suggests that he sustained a minor strain to a muscle in his right leg, resulting in only missing a few weeks from work and minimal pain.
Further, I find that the weight of the evidence indicates that the right hip injury *1220 was caused by a separate, unrelated incident wherein Mr. Bracey jumped from a truck in June 2009 or an unrelated automobile accident that occurred in November 2009 or a combination of those two unrelated incidents.
Nevertheless, it is also true that Mr. Bracey did tangentially reference his right hip in a visit to Dr. Gordon Webb shortly after the subject work-related accident and again when he made an unrelated visit to the V.A. Medical Center about a week after the work-related accident.
This evidence, in my opinion, does not rise to the level of a preponderance. It does, however, fit within the broad bounds of the manifest error of review. Thus, I agree with my colleagues that there is no basis in this record to reverse the 1¿workers’ compensation court with regard to its conclusion that Mr. Bracey was disabled as a result of this accident. I, therefore, join my colleagues in affirming that portion of the trial court’s ruling.
However, I respectfully disagree with the majority’s decision to affirm the penalties and attorney fees. In addition to the fact that the weight of the evidence suggested that Mr. Bracey did not injure his right hip in the subject work-related accident, there is also specific evidence in this record indicating that Mr. Bracey denied a hip injury altogether. And, there is evidence that a medical care provider specifically determined that the right hip injury was caused by an unrelated accident. Thus, I find that the employer reasonably controverted Mr. Bracey’s assertion that his right hip was injured in the subject work-related accident. I would, therefore, reverse the workers’ compensation court’s award of penalties and attorney fees.